UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

JEREMIAH PARKER, et al.,

Plaintiffs,

v.

Case: 4:22-cv-454

KEARNEY SCHOOL DISTRICT, et al.,

Defendants.

## DEFENDANT KEARNEY SCHOOL DISTRICT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant Kearney School District ("School District") respectfully moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this Motion to Dismiss, the School District provides the following grounds, as further discussed in its Memorandum in Support, which the School District incorporates by reference.

Defendant School District moves to dismiss Plaintiffs' Title VI claim in its entirety for failure to state a cognizable claim under relevant and applicable case law. Plaintiffs cannot establish that the District intentionally discriminated against Plaintiffs, nor that Plaintiffs were subjected to discrimination or a racially hostile environment and that the School District had actual knowledge of the alleged discrimination but was deliberately indifferent to it. Therefore, Plaintiffs, individually and collectively, cannot state a Title VI claim against the School District.

In addition, Defendant School District moves to dismiss Plaintiffs' § 1981 claim in its entirety for failure to state a cognizable claim under relevant and applicable case law and statutes. Plaintiffs fail to demonstrate that a contract existed between themselves and the School District,

that they were entitled to rights as third-party beneficiaries to any contract held by the School District, or that the District intentionally discriminated against Plaintiffs based on incidents alleged to have occurred while Plaintiffs were on the school bus. As a result, Plaintiffs cannot state a § 1981 claim against the School District.

Finally, even if the Court does not dismiss Plaintiffs' claims, in their entirety, Plaintiffs have requested damages unavailable to them. Plaintiffs may not recover punitive damages under Title VI (*Barnes v. Gorman*, 536 U.S. 181, 189 (2002)) or Section 1981 (*Warren v. Kemp*, No. 4:19-CV-00655-BSM, 2022 U.S. Dist. LEXIS 39059, at *2 (E.D. Ark. Mar. 4, 2022). Moreover, emotional distress damages are not available under Title VI (*Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1572 (2022)). Plaintiffs' request for such prohibited damages should be dismissed and/or stricken.

### Request

Wherefore, the School District respectfully requests dismissal of both Counts of Plaintiffs' Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted based on the Plaintiffs' failure to plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face that meets the pleading requirements for each of its claims under applicable and relevant case law and statutes.

The School District respectfully requests all other further relief the court deems just.

Respectfully Submitted,

/s/ *Ryan S. VanFleet*
J. Drew Marriott #63059 (MO)
Ryan S. VanFleet #64210 (MO)
Attorneys for Defendants
Kearney School District
EDCOUNSEL, LLC
201 N. Forest Avenue, Suite 200
Independence, Missouri 64050
(816) 252-9000
Fax: (816) 252-9009
dmarriott@edcounsel.law
rvanfleet@edcounsel.law

## Certificate of Service

I certify that this document was filed with the Court's electronic filing system, providing service to the parties on November 7, 2022.

*/s/ Ryan S. VanFleet*
Attorney for Defendants