THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JEREMIAH PARKER, and EP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and NP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and ZP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and IP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and MP1, a Minor, by and through his Next Friend; TIFFANEY WHITT; and MP2, a Minor, by and through his Next Friend, TIFFANEY WHITT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-00454-GAF |
| vs. | ) ) | |
| KEARNEY SCHOOL DISTRICT; and DURHAM SCHOOL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S STATEMENT OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Durham School Services, L.P. ("Durham"), and for its Statement of Uncontroverted Fact in Support of its Motion for Summary Judgment of Plaintiffs' claims asserted under 42 U.S.C. § 1981, pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, states as follows:

1. Plaintiff Jeremiah Parker and six (6) of his minor siblings, former students attending the Kearney School District ("District"), allege that other students harassed them at school and on their school bus because of their race during the 2020-2021 school year. [Doc. 14-1, *Plaintiffs' Amended Complaint*, ¶¶ 16, 38, 44, 47]

2. Plaintiffs filed suit on July 19, 2022, asserting claims against the Kearney School District under 42 U.S.C. § 2000d (Title VI) and 42 U.S.C. § 1981, and against Defendant Durham under § 1981 for the alleged racial discrimination.

3. Plaintiff's Amended Complaint was filed on November 28, 2022. [Doc. 14-1]

4. In their Amended Complaint, Plaintiffs reference the contract for transportation services between Durham and the District under which they assert they were "the intended beneficiar[ies]" of the contract between the District and Durham. *Id.* at ¶¶ 39, 89.

5. Plaintiffs allege the intended benefit of the Contract was for the transportation of pupils. *Id*. at ¶¶ 68, 70.

6. Plaintiffs allege the Durham bus driver overheard the alleged harassment and did nothing to stop it. *Id*. at ¶ 45.

7. Plaintiffs assert that in April of 2021, the oldest Plaintiff began driving the other Plaintiffs to school instead of utilizing the bus "when possible." *Id*. at ¶ 49.

8. On November 18, 2022, Durham filed its Motion to Dismiss Plaintiffs' Section 1981 claim against Durham for Failure to State a Claim and Memorandum in Support, on the basis that Plaintiffs are neither parties to, nor rightsholders under, the contract they identify. [Docs. 11, 12]

9. Durham's Motion to Dismiss Plaintiffs' Claim for Failure to State a Claim was denied by this Court on April 26, 2023. [Doc. 36]

10. The Court acknowledged that the Supreme Court held in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476-77 (2006) that if a contract does not guarantee a plaintiff rights under the same, then the plaintiff does not possess a Section 1981 claim. [Doc. 36, p. 6]

11. This Court also acknowledged that "the Eighth Circuit has not directly addressed the open question or whether third-party beneficiaries are entitled to bring § 1981 claims." *Id.*

12. This Court noted that none of the cases cited by Plaintiffs in support of their arguments that they are rightsholders under the Contract are necessarily persuasive but nonetheless concluded that because the Contract at issue was not before the Court, dismissal was inappropriate at the Motion to Dismiss stage. [Doc. 36, pp. 7-8]

13. An "Agreement for the Transportation of Pupils" ("Contract") was entered between Durham and the District on or about April 16, 2008. **Exhibit A**, *Agreement for the Transportation of Pupils*.

14. The contract at issue is one between the District and Durham to provide transportation services to the District. *Id.* at ¶1.

15. The contract specifies that Durham is bound to provide transportation services to the District in accordance with the District's instructions and guidelines. *Id.*

16. The purpose of the contract is to establish a business relationship between the District and Durham for the provision of transportation services to eligible students. *Id.*

17. The contract explicitly defines the roles and responsibilities of the contracting parties, focusing on the obligations of Durham to the District. Exhibit A.

18. For example, the contract details the routing and scheduling which will be done cooperatively by Durham and the District and details the requirements for Durham's personnel who will be providing the services to the District under the terms of the contract. *Id.* at ¶¶ 13, 14.

19. Additionally, the contract provides specific requirements regarding record keeping, accident reports, and the specific equipment to be used by Durham. *Id.* at ¶¶ 15, 18.

20. The Contract contains terms addressing payments for Durham's services to the District, adjustment of rates, facility and fuel requirements, and for termination of the agreement. *Id*. at ¶¶ 16 – 17, 19-21.

21. The terms of the Contract do not clearly or directly express and intent to benefit or confer any rights under the Contract upon individual students or parents in the District. Exhibit A.

22. In fact, the "pupils" referenced in the title of the contract are nowhere to be found in the actual terms and conditions of the contract. *Id*.

Respectfully submitted,

DYSART TAYLOR
McMONIGLE BRUMITT & WILCOX, P.C.

 */s/ Amanda Pennington Ketchum*
Amanda Pennington Ketchum   MO #51011
Kathryn T. Alsobrook   MO #66451
700 West 47th Street, Suite 410
Kansas City, Missouri 64112
Telephone: (816) 931-2700
Facsimile: (816) 931-7377
*aketchum@dysarttaylor.com*
*kalsobrook@dysarttaylor.com*

ATTORNEYS FOR DEFENDANT
DURHAM SCHOOL SERVICES, L.P.