THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEREMIAH PARKER, and EP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and NP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and ZP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and IP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and MP1, a Minor, by and through his Next Friend; TIFFANEY WHITT; and MP2, a Minor, by and through his Next Friend, TIFFANEY WHITT, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>KEARNEY SCHOOL DISTRICT; and DURHAM SCHOOL SERVICES, L.P., <br><br>　　　　　Defendants. | Case No. 4:22-cv-00454-GAF |

**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Durham School Services, L.P. ("Durham"), and for its Memorandum in Support of its Motion for Summary Judgment of Plaintiffs' claims asserted under 42 U.S.C. § 1981, pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, states as follows:

## I.　　INTRODUCTION

Summary Judgment is appropriate as to all claims against Durham. A plain reading of the contract at issue here demonstrates that Plaintiffs are not the intended beneficiaries. The contract is devoid of any express intent to make the students beneficiaries to an agreement between Durham and the District. As such, pursuant to clear Supreme Court precedent, Plaintiffs cannot bring a

1

claim under Section 1981. Their claims against Durham therefore fail and Summary Judgment should be granted in favor of Durham.

## II. BACKGROUND

Plaintiff Jeremiah Parker and six (6) of his minor siblings, former students attending the Kearney School District ("District"), allege that other students harassed them at school and on their school bus because of their race during the 2020-2021 school year. [SOF 1]. With respect to conduct alleged specific to Defendant Durham, Plaintiffs claim only that the bus driver (unidentified) overheard the harassment "regularly," and "never did anything to stop it." [Doc.14-1, ¶ 45]. Plaintiffs assert that in April of 2021, the oldest Plaintiff began driving other Plaintiffs to school instead of utilizing the bus when possible. *Id.* at ¶ 49.

Plaintiffs filed suit on July 19, 2022, asserting claims against the Kearney School District under 42 U.S.C. § 2000d (Title VI) and 42 U.S.C. § 1981, and against Defendant Durham under § 1981 for the alleged racial discrimination. Plaintiff's Amended Complaint was filed on November 28, 2022. [Doc. 14-1] In their Amended Complaint, Plaintiffs reference the contract for transportation services between Durham and the District under which they assert they were "the intended beneficiar[ies]" of the contract between the District and Durham. [SOF 4]. Plaintiffs allege the intended benefit of the Contract was for the transportation of pupils. [SOF 5].

On November 18, 2022, Durham filed its Motion to Dismiss Plaintiffs' Section 1981 claim against Durham for Failure to State a Claim and Memorandum in Support, on the basis that Plaintiffs are neither parties to, nor rightsholders under, the contract they identify. [SOF 8]. Durham's Motion to Dismiss Plaintiffs' Claim for Failure to State a Claim was denied by this Court on April 26, 2023. [Doc. 36; SOF 9]. The Court considered Durham's Motion to Dismiss as one against the Amended Complaint. *Id.* at p. 4; [Doc. 36]. The Court acknowledged that the

2

Supreme Court held in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476-77 (2006) that if a contract does not guarantee a plaintiff rights under the same, then the plaintiff does not possess a Section 1981 claim. [SOF 10]. This Court also acknowledged that "the Eighth Circuit has not directly addressed the open question of whether third-party beneficiaries are entitled to bring § 1981 claims." [SOF 11]. This Court noted that none of the cases cited by Plaintiffs in support of their arguments that they are rightsholders under the Contract are not necessarily persuasive but nonetheless concluded that because the Contract at issue was not before the Court, dismissal was inappropriate at the Motion to Dismiss stage. [SOF 12].

An "Agreement for the Transportation of Pupils" ("Contract") was entered between Durham and the District on or about April 16, 2008. [SOF 13]. The contract at issue is one between the District and Durham to provide transportation services to the District. [SOF 14]. The contract specifies that Durham is bound to provide transportation services to the District in accordance with the District's instructions and guidelines. [SOF 15]. The purpose of the contract is to establish a business relationship between the District and Durham for the provision of transportation services to eligible students. [SOF 16]. The contract explicitly defines the roles and responsibilities of the contracting parties, focusing on the obligations of Durham to the District. [SOF 17]. For example, the contract details the routing and scheduling which will be done cooperatively by Durham and the District and details the requirements for Durham's personnel who will be providing the services to the District under the terms of the contract. [SOF 18]. Additionally, the contract provides specific requirements regarding record keeping, accident reports, and the specific equipment to be used by Durham. [SOF 19]. The Contract contains terms addressing payments for Durham's services to the District, adjustment of rates, facility and fuel requirements, and for termination of the agreement. [SOF 20].

3

Case 4:22-cv-00454-GAF   Document 71-2   Filed 07/05/23   Page 3 of 12

[SOF 21]. The terms of the Contract do not clearly or directly express and intent to benefit or confer any rights under the Contract upon individual students or parents in the District. [SOF 22]. In fact, the "pupils" referenced in the title of the contract are nowhere to be found in the actual terms and conditions of the contract. [SOF 23].

Plaintiffs' claims against the District were dismissed with prejudice on May 3, 2023. [Doc. 38]. For the reasons more fully discussed below and with the Contract at issue now before the Court, summary judgment must be granted in Durham's favor regarding Plaintiffs' Section 1981 claims asserted against Durham as Plaintiffs have not and cannot establish they are rightsholders under the Contract.

### III. Authorities and Arguments

#### 1. Motion for Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The party moving for summary judgment bears the initial burden to "bring up the fact that the record does not contain" a genuine dispute of material fact "and to identify that part of the record which bears out his assertion." *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988)). "[I]f the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue." *Id*. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a

4

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. Proc. 56(c)(1). *Moore v. Martin,* 854 F.3d 1021, 1025 (8th Cir. 2017).

> **2. Summary Judgment must be granted in Durham's favor because Plaintiffs have not and cannot identify an impaired contract under which they have rights, a requisite for establishing a claim under Section 1981.**

Summary judgment must be granted in Durham's favor because Plaintiffs have not and cannot establish they are either parties to, or rightsholders under, the contract they identify.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same rights…to make and enforce contracts…as is enjoyed by white citizens…" 42 U.S.C.A. § 1981(a). Under Section 1981, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981(b). To establish a *prima facie* case of discrimination under Section 1981, a plaintiff must demonstrate (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." *Daniels v. Dillard's, Inc.,* 373 F.3d 885, 887 (8th Cir. 2004).

Section 1981 does not provide a general cause of action for race discrimination wherever racial discrimination occurs. *Youngblood v. Hy–Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001), *cert. denied,* 535 U.S. 1017 (2002). Rather, the plaintiff must point to violation of a specific right protected by § 1981. *See Williams v. Lindenwood Univ.,* 288 F.3d 349, 355 (8th Cir. 2002) (an element of the plaintiff's *prima facie* case is a showing that "the discrimination concerned an area enumerated by the statute"); *Youngblood,* 266 F.3d at 855 (the plaintiff was required to point to interference with some contractual relationship to bring a claim under the right-to-contract provisions of Section 1981). Nonetheless, here Plaintiff attempts to assert a claim against

5

Defendants under Section 1981—which protects the rights of all persons to "make and enforce contracts"— because he alleges he is "the intended beneficiary of a contract between Defendants." [SOF 4]. However, a plain reading of the Contract at issue makes clear that Plaintiffs are not the intended beneficiaries of the Contract between the District and Durham. [SOF Ex. A].

### A. Plaintiff Does Not Identify an Impaired Contract

Here, under the framework of *Domino's Pizza*, summary judgment must be granted in Durham's favor because Plaintiffs have not and cannot establish that the Contract at issue was impaired. *Domino's Pizza*, 546 U.S. at 476; *FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 621 (8th Cir. 2019). "We have never retreated from what should be obvious from reading the text of the statute: Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, *as well as when racial discrimination impairs an existing contractual relationship*, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.* (emphasis added). Here, the contract between Durham and the District was not and is not impaired by any of the allegations of racial harassment or discrimination alleged in the Second Amended Complaint, and both continue to fulfill the contract terms, *i.e.* for Durham to provide transportation services to the District. [SOF 14]. Nor are there any allegations of a contractual relationship being blocked by the alleged racial discrimination. Plaintiffs have not pled anything in the Amended Complaint that alleges the contract is somehow impaired and therefore a claim under Section 1981 is not viable.

### B. Plaintiff is Not a Rightsholder or a Third-Party Beneficiary Under the Contract

Next, summary judgment must be granted in Durham's favor because Plaintiffs fail to identify a contract under which they have rights. The contract at issue is one between the District and Durham to provide transportation services to the District. [SOF 14, Ex. A]. Although Plaintiffs

6

may have derived an ancillary benefit from the contract (transportation), they are not rightsholders under the contract and as such, they cannot state a claim under Section 1981. *Domino's Pizza*, 546 U.S. at 476 (Absent the requirement that the plaintiff have contractual rights, Section 1981 would become the default tool to combat all racial animus so long as the animus "were somehow connected to *somebody's* contract.") (emphasis in original). The Supreme Court has "never read the statute in this unbounded—or rather *peculiarly* bounded—way," and the Eighth Circuit has recently enforced these bounds when plaintiffs have not "identified an impaired 'contractual relationship' under which [the plaintiff] had rights." *Id.* (emphasis in original); *FCS Advisors*, 929 F.3d 621.

A review of the contract between Durham and the District reveals that it is solely between these two entities and it does not express an intent to confer any rights upon individual students or parents. [SOF 22, Ex. A]. The contract specifies that Durham is bound to provide transportation services to the District in accordance with the District's instructions and guidelines. [SOF 15]. This does not make Plaintiffs beneficiaries to the contract.

A third-party beneficiary is one who is not privy to a contract but *may* nonetheless pursue a cause of action for breach of contract. *A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co., L.P.,* 75 S.W.3d 247, 260 (Mo. banc 2002). To be considered a third-party beneficiary, the contracting parties must have intended to confer a benefit upon the third party. *Hilliker Corp. v. Watson Prop., LLC,* No. ED 109549, 2022 WL 97284, at *2 (Mo. Ct. App. Jan. 11, 2022) ("The beneficiary does not need to be named in the contract, but the terms of the agreement must clearly and directly express an intent to benefit an identifiable person or class.") (citing *L.A.C.,* 75 S.W.3d at 260). The rights of a third-party beneficiary depend on the terms of the contract itself. *Id.* A party claiming rights as a third-party beneficiary has the burden of showing that provisions in the

7

contract were intended for his direct benefit. *Federal Deposit Ins. Corp. v. G. III Investments, Ltd.*, 761 S.W.2d 201, 204 (Mo.App.1988). The contract rights are only enforceable if the promisor assumed a direct obligation to the third-party beneficiary. *Id.*

Here, there is nothing in the contract between Durham and the District demonstrating an intent on behalf of Defendants to confer a direct benefit upon Plaintiff. [SOF 22]. Moreover, Plaintiffs have not and cannot meet their burden of pointing to the provisions in the contract that were intended for their direct benefit. *Id.* A review of the contract between Durham and the District reveals that it is solely between these two entities and does not confer any rights upon individual students or parents. [SOF 17, Ex. A]. The contract specifies that Durham is bound to provide transportation services to the District in accordance with the District's instructions and guidelines. [*Id.*]. This does not make Plaintiffs beneficiaries to the contract. *See* <u>Saint Luke's Hosp. of Kansas City v. Benefit Mgmt. Consultants, Inc.</u>, 626 S.W.3d 731, 751–52 (Mo. Ct. App. 2021) ("Other parties frequently derive some incidental benefit from the performance of the contract, but this gives them no right to enforce it.") (citing *Roskowske v. Iron Mountain Forge Corp.*, 897 S.W. 2d 67, 72 (Mo. App. E.D. 1995)). "Moreover, the contract terms must clearly express that the contracting parties intended the third party to be the beneficiary of performance of the contract and have the right to maintain an action on the contract." *Id.* "Though a third-party beneficiary need not be named in the contract, the terms of the contract must directly and clearly express an intent to benefit the specific party or an identifiable class of which the party asserting rights as a third-party beneficiary is a member." *Id.* "A strong presumption arises that the parties were not contracting for third persons." *Id.* "Thus, the implication to overcome the presumption must be so strong as to amount to an express declaration." *Id.* Plaintiffs have failed to overcome this presumption.

Further examination of the contract between Durham and the District demonstrates that there is no intent to benefit individual students or their parents. [SOF 17, Ex. A]. The purpose of the contract is to establish a business relationship between the District and Durham for the provision of transportation services to eligible students. [*Id.*, Ex. A, ¶ 1]. The contract explicitly defines the roles and responsibilities of the contracting parties, focusing on the obligations of Durham to the District. [*Id.*] For example, the contract details the routing and scheduling which will be done cooperatively by Durham and the District, and details the requirements for Durham's personnel who will be providing the services to the District under the terms of the contract. [SOF 18, Ex. A, ¶¶ 13, 14]. Additionally, the contract provides specific requirements regarding record keeping, accident reports, and the specific equipment to be used by Durham. [SOF 19, Ex. A, ¶¶ 15, 18] The "pupils" referenced in the title of the contract are nowhere to be found in the actual terms and conditions of the contract.

A plain reading of the contract demonstrates it is for the benefit of the District and Durham only. It is devoid of language indicating an intent to benefit students or create enforceable rights for them. [*See generally* SOF, Ex. A]. Plaintiffs are merely incidental beneficiaries of the contract between Durham and the District and as such, do not have rights under same. *Hilliker Corp.*, Mo. ED 109549, 2022 WL 97284, at *2 (An "incidental beneficiary" is one who will benefit from the performance of a promise but who is not an identified promisee or an intended beneficiary and as such "cannot maintain an action to recover under the contract.") (citing *Kansas City Hisp. Ass'n Contractors Enter., v. City of Kansas City*, 279 S.W.3d 551, 555 (Mo. App. W.D. 2009)); *OFW Corp. v. City of Columbia*, 893 S.W.2d 876, 879 (Mo. App. W.D. 1995)). Clearly the "students", such as Plaintiffs here, benefit from the contract in that they ride in the buses provided by Durham, but that does not make them an identified promisee to the contract, nor does it make them the

9

intended beneficiaries of the contract. *Saint Luke's*, 626 S.W. 3d at 752 (finding plaintiff was not a third party beneficiary where the contract language did not express a clear intent to make it an intended beneficiary). Yes, the students received a benefit from the contract between Durham and the District, "but not every person who is benefited by a contract may bring suit to enforce that contract." *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007) (finding student was not a third-party beneficiary to the contract between the school and a teacher). "[O]nly those third-parties who are clearly intended beneficiaries may do so." *Id.* ("Verni is not entitled to third-party beneficiary status under the contract between Cleveland and Dr. Makarov because the terms of the contract do not directly and clearly express the intent to benefit Verni or any class of which Verni claims to be a member."). Since Plaintiffs are not an intended beneficiary of the contract, due to the absence of express terms stating such, they cannot bring a claim under Section 1981. The legal bar for Plaintiffs to be considered a third-party beneficiary is high, and they simply cannot meet it in this instance, as evidenced by a plain reading of the contract.

Summary judgment should therefore be granted in Durham's favor because Plaintiffs have not and cannot identify an impaired contract under which they have rights (as they clearly have none under the contract at issue here). *Domino's Pizza*, 546 U.S. at 479-80 (dismissing plaintiff's Section 1981 claim as "plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's.").

WHEREFORE, Defendant Durham respectfully requests the Court grant summary judgment in Durham's favor because Plaintiffs have not and cannot establish they are rightsholders under the Contract between Durham and the District.

Respectfully submitted,

DYSART TAYLOR
McMONIGLE BRUMITT & WILCOX, P.C.


 */s/ Amanda Pennington Ketchum*
| | |
|---|---|
| Amanda Pennington Ketchum | MO #51011 |
| Kathryn T. Alsobrook | MO #66451 |

700 West 47th Street, Suite 410
Kansas City, Missouri 64112
Telephone: (816) 931-2700
Facsimile: (816) 931-7377
*aketchum@dysarttaylor.com*
*kalsobrook@dysarttaylor.com*

ATTORNEYS FOR DEFENDANT
DURHAM SCHOOL SERVICES, L.P.

11

CERTIFICATE OF SERVICE

       I hereby certify that on July 5, 2023, a true copy of the foregoing document was filed via the Court's electronic filing system, which will transmit notice of said filing via electronic mail to the counsel of record as follows:

Dan Curry
Sarah A. Brown
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
(816) 756-5458
*dan@brownandcurry.com*
*sarah@brownandcurry.com*

ATTORNEYS FOR PLAINTIFFS

                                   /s/ *Amanda Pennington Ketchum*
                                   Amanda Pennington Ketchum