THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEREMIAH PARKER, and EP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and NP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and ZP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and IP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and MP1, a Minor, by and through his Next Friend; TIFFANEY WHITT; and MP2, a Minor, by and through his Next Friend, TIFFANEY WHITT, | |
| Plaintiffs, | Case No. 4:22-cv-00454-GAF |
| vs. | |
| KEARNEY SCHOOL DISTRICT; and DURHAM SCHOOL SERVICES, L.P., | |
| Defendants. | |

## DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S STANDARD MOTION IN LIMINE

COMES NOW Defendant, Durham School Services, L.P. ("Durham"), by and through its attorneys of record, and moves the Court to make the following evidentiary rulings prior to trial. In support of this motion, Durham states as follows:

### Facts and Background

Plaintiff Jeremiah Parker and six (6) of his minor siblings, former students attending the Kearney School District ("District"), allege that other students harassed them at school and on their school bus because of their race during the 2020-2021 school year. With respect to conduct alleged specific to Defendant Durham, Plaintiffs claim only that the bus driver (unidentified) overheard the harassment "regularly," and "never did anything to stop it." [Doc.14-1, ¶ 45].

Plaintiffs assert that in April of 2021, the oldest Plaintiff began driving other Plaintiffs to school instead of utilizing the bus when possible. *Id.* at ¶ 49.

Plaintiffs filed suit on July 19, 2022, asserting claims against the Kearney School District under 42 U.S.C. § 2000d (Title VI) and 42 U.S.C. § 1981, and against Defendant Durham under § 1981 for the alleged racial discrimination. Plaintiff's Amended Complaint was filed on November 28, 2022. [Doc. 14-1] In their Amended Complaint, Plaintiffs reference the contract for transportation services between Durham and the District under which they assert they were "the intended beneficiar[ies]" of the contract between the District and Durham.

## I.     Legal Standard

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Motion in Limine Black's Law Dictionary* (11th ed. 2019) (defining "motion in limine" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"). *United States v. Broussard*, ––– F. Supp. 3d –––, No. 19-cr-0101 (SRN/ECW), 2022 WL 703211, at *1 (D. Minn. Mar. 9, 2022).

District courts have broad discretion when ruling on motions in limine *Id.* (citing *United States v. Lasley*, 917 F.3d 661, 665 (8th Cir. 2019)).

## I.     General Motions in Limine

### 1.     Testimony of Witnesses not Identified in Plaintiffs' Rule 26 Disclosure

Durham respectfully moves this Court to exclude evidentiary testimony of witnesses not listed in Plaintiff's Rule 26 disclosures. Pursuant to Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial, unless the failure was substantially justified or is harmless." *Mayfield v. White*, No. 2:21-CV-04059-MDH, 2022 WL 16856378, at *1 (W.D. Mo. Nov. 10, 2022).

### 2. **Evidence of Financial Disparity of Party or Source of Any Award**

Durham moves this Court to exclude and evidence of financial disparity between the parties in this matter or the source of any award for damages. Any such evidence is irrelevant and would unfairly prejudice Durham and confuse the jury. *See*, Fed. R. Evid. 403.

### 3. **Offers to Settle**

Defendants respectfully request that Plaintiffs, Plaintiffs' witnesses, and Plaintiffs' counsel not be allowed to offer evidence, make comment upon, testify to, or make any reference to settlements or settlement negotiations between the parties. "Because settlements are encouraged under the law, the general rule is that evidence procured from settlement is to be excluded at trial." *Hancock v. Shook*, 100 S.W.3d 786 (Mo. 2003) (quoting *Owen v. Owen,* 642 S.W.2d 410, 414 (Mo. Ct. App. 1982)). Allowing evidence of settlement and negotiation to come before the jury creates a possibility of bias that has no place in the justice system. *Hancock v. Shook*, 100 S.W.3d 786 (Mo. 2003). The jury could perceive the offering party as admitting guilt or conceding harm, and the jury could be confused by a compromise position. *Id*. Therefore, reference to settlements or negotiations between the parties should be prohibited. *See*, Fed. R. Evid. 408

### 4. The Court should exclude argument regarding criticism or negative comments relating to Durham's size or wealth.

Durham. anticipates that Plaintiffs may attempt to elicit testimony or opinions or make argument relating to size or wealth of the company. Such testimony, opinion, or argument should be excluded because it lacks any foundation, is purely speculative, and is unfairly prejudicial.

Under Missouri law, it is well established that testimony or argument that lacks foundation and is based on mere speculation is not admissible at trial. *See, e.g., Hemeyer v. Wilson,* 59 S.W.3d 574, 581 (Mo. Ct. App. 2001) (affirming the trial court's exclusion of testimony that was speculative and conjectural); *Chalet Apartments, Inc. v. Farm & Home Sav. Ass'n, Inc.,* 658 S.W.2d 508, 510 (Mo. Ct. App. 1983) (speculative and hypothetical testimony is not probative even if admitted without objection).

Missouri law is clear that "references to the size, wealth and corporate status of a party are improper when intended to arouse prejudice and are not within the scope of legitimate argument." *Porter v. Toys 'R' Us–Del., Inc.,* 152 S.W.3d 310, 324 (Mo. Ct. App. 2004); *see also Gilbert v. K.TI., Inc.,* 765 S.W.2d 289, 299- 300 (Mo. Ct. App. 1988) (stating that "references to the size, wealth and corporate status of [the defendant corporation] . . . are improper when intended to arouse prejudice and are not within the scope of legitimate argument"). Additionally, derogatory references to a corporate defendant's alleged bad corporate culture or alleged greediness are prejudicial, which are only meant to inflame the jury and prejudice the defendant. *See Calloway v. Fogel,* 213 S.W.2d 405, 409 (Mo. 1948) (holding that "[i]t is always improper for counsel to indulge in argument to the jury which tends towards the prejudice of one party or to the undue sympathy for the other.").

There is no evidence to support any disparaging testimony, opinion or other reference to Defendant, and such issues are not relevant and material to any issue before the Court, as such,

any reference would only be offered to prejudice Defendans and inflame the jury. *See*, Fed. R. Evid. 403. Therefore, any reference to Durham's size, wealth, or corporate status should be excluded. *Winters v. PACCAR, Inc.,* No. 15-00749-CV-W-DW, 2017 U.S. Dist. LEXIS 221740, at *8-9 (W.D. Mo. Apr. 27, 2017) (granting defendant's motion in **limine to** exclude evidence or references concerning the size or **wealth** of defendant as is immaterial to the issues in the case); *see also C.C. v. Suzuki Mfg. of Am. Corp.,* No. 4:16CV01271 ERW, 2018 U.S. Dist. LEXIS 160788, at *12 (E.D. Mo. Sep. 20, 2018) (granting defendants' motion in limine to exclude any mention of defendants' size, wealth, or financial condition because it was more prejudicial than probative and it is irrelevant).

   5. **The Court should exclude statements or references by Plaintiffs asking a jury to send a message or punish Defendants.**

Any statement or reference by Plaintiffs appealing to the emotions of the jurors and intended only to inflame the minds and arouse the passions of the jurors should be excluded. Missouri courts recognize that the factors "which may cause the exclusion of otherwise material and relevant evidence" include: (1) "the danger that the facts offered may unduly arouse the jury's emotions of prejudice, hostility or sympathy"; (2) "the probability that the proof and the answering evidence that it provokes may create a side issue that will unduly distract the jury from the main issues; (3) "the likelihood that the evidence offered and the counter proof will consume an undue amount of time"; and (4) "the danger of unfair surprise to the opponent when, having no reasonable ground to anticipate this development of the proof, he would be unprepared to meet it." *Stapleton v. Griewe*, 602 S.W.2d 810, 814 (Mo. Ct. App. 1980) (citations omitted). "Missouri courts have long shown displeasure with 'send a message' arguments in which punitive damages are not sought." *Beis v. Dias,* 859 S.W.2d 835, 840 (Mo. Ct. App. 1993) (quoting *Pierce v. Platte–Clay Elec. Co-op, Inc.,* 769 S.W.2d 769, 779 (Mo. banc 1989)). Thus, arguments asking a jury to send

5

a message or punish Defendants is inadmissible. Therefore, the Court should exclude all such evidence and argument from trial. *Skibniewski v. Am. Home Prods. Corp.*, No. 99-0842-CV-W-FJG, 2004 U.S. Dist. LEXIS 31014, at *35 (W.D. Mo. Mar. 31, 2004) (granting defendant's motion in limine to exclude evidence relating to punishing defendant).

**6. The Court should exclude "Golden Rule" arguments where Plaintiffs ask the jurors to put themselves in Plaintiffs' position.**

The Court should exclude "Golden Rule" arguments where Plaintiffs ask the jurors to put themselves in Plaintiffs' position. Such an argument is universally condemned because it encourages the jury to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id.*; *Dole v. USA Waste Servs. Inc.,* 100 F.3d 1384, 1388 (8th Cir.1996).

"Golden Rule" arguments may violate Rule 401 and 402's requirement of relevance, because the result that a jury wishes to receive in a hypothetical situation has no tendency to make any fact of consequence more or less probable than it would be without that argument. In addition, they run the risk of violating Rule 403, because they risk unfair prejudice by encouraging the jury to "depart from neutrality and to decide the case on the [improper] basis of personal interest and bias rather than on the evidence." *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000); *Niver v. Travelers Indem. Co.*, 433 F.Supp.2d 968, 997 (N.D. Iowa 2006) (granting motion in limine to exclude "golden rule" references).

**7. The Court should exclude argument that Defendants must disprove the ultimate issue of liability.**

Plaintiffs bear the burden of proving their claims against Defendant. Specifically, Plaintiffs have the burden of convincing the jury of causation and damages. *See, Dills v. Dills*, 304 S.W.3d 738, 743 (Mo. Ct. App. 2010) (Holding that the plaintiff, having taken the affirmative on the issue

of ultimate liability in a lawsuit, must assume the burden of convincing the jury; as to affirmative defenses and cross-actions, a similar burden is imposed on the defendant.); *See also Knipp v. Mankin*, 336 S.W.2d 371, 373 (Mo. 1960) ("It is elementary that defendant was entitled to have the jury instructed that the burden was on plaintiff to prove his case…").

Therefore, any argument that Durham must prove either was *not* negligent and/or argument that any injury or damage was *not* caused by any act or omission of Defendants would improperly shift the burden of proof to the Defendants and any attempt to do so must be barred.

### 8. The Court should exclude argument that Durham or their attorneys have withheld evidence from the jury.

There is no evidence in this case that Durham has spoliated evidence and a spoliation instruction should not be given unless there is evidence of intentional destruction indicating fraud and a desire to suppress the truth. *See,* Fed. R. 401, 403 and 404.

### 9. The Court should exclude any statements regarding counsel's personal beliefs about the truth or credibility of evidence.

Statements by Plaintiffs' attorneys disclosing their own (irrelevant) personal beliefs about the truth or credibility of evidence is highly prejudicial, constitutes improper character evidence, is improper and must be prohibited. *See,* Fed. R. 401, 403 and 404.

### 10. The Court should exclude any argument that the jury should draw a negative inference from an alleged failure by Defendant to call a witness who is equally available to both sides.

Argument that the jury should draw a negative inference from an alleged failure by Durham to call a witness who is equally available (or unavailable) to both sides must be barred because such an argument is extremely prejudicial. Similarly, the Plaintiffs should be prohibited from mentioning the "probable" or "likely" testimony of an absent witness.

### 11. Court should exclude any evidence, argument, and any other reference regarding Durham's liability insurance.

It is well established that the existence of a liability insurance policy is not admissible to show one's negligence or other wrongful conduct. *Charter v. Chleborad*, 551 F.2d 246, 248 (8th Cir. 1977).

Evidence of Durham's liability insurance should be excluded because evidence that Plaintiffs' claims are covered by Defendant's liability insurance is irrelevant and prejudicial. *Henderson v. Fields*, 68 S.W.3d 455, 476 (Mo. Ct. App. 2001) (improper to inject evidence of insurance coverage into trial for damages); *Conrad v. Twin Oaks, Inc*., 344 S.W.2d 286, 288 (Mo. Ct. App. 1961) (references to insurance or lack thereof improper when not relevant to issues); *Rytersky v. O'Brine*, 335 Mo. 22, 26-27 (1934) (statement that defendant would not have to pay damage award because he had insurance was considered reversible error). *See*, Fed. R. Evid. 411.

### 12. The Court should exclude all reference to discovery objections.

The parties should not be permitted to make any argument or reference to another party's objections to written discovery or deposition questions in this case, and counsel should be prohibited from arguing that certain facts could have been proven but for the objections of the opposing party. Further, should a party choose to utilize deposition testimony, counsel should be instructed to edit out any objections made by opposing counsel during deposition prior to reading or playing the testimony for the jury.

Discovery objections are not evidence and are not relevant to the merits of Plaintiffs' claims in this lawsuit. Even if objections had probative value, it would be outweighed by the dangers of unfair prejudice and confusion of the issues. *See*, Fed. R. Evid. 403.

WHEREFORE, Defendant Durham School Services, L.P. respectfully requests the Court to grant this motion and to make such further orders it deems just and proper.

Respectfully submitted,

DYSART TAYLOR McMONIGLE
BRUMITT & WILCOX, P.C.

 */s/ Amanda Pennington Ketchum*
| | |
|---|---|
| Amanda Pennington Ketchum | MO #51011 |
| Kathryn T. Alsobrook | MO #66451 |
| Lauren H. Beck | MO #72724 |

700 West 47th Street, Suite 410
Kansas City, Missouri 64112
Telephone: (816) 931-2700
Facsimile: (816) 931-7377
*aketchum@dysarttaylor.com*
*kalsobrook@dysarttaylor.com*
*lbeck@dysarttaylor.com*

ATTORNEYS FOR DEFENDANT
DURHAM SCHOOL SERVICES, L.P.

CERTIFICATE OF SERVICE

       I hereby certify that on December 4, 2023, a true copy of the foregoing document was filed via the Court's electronic filing system, which will transmit notice of said filing via electronic mail to the counsel of record as follows:

Dan Curry
Sarah A. Brown
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
(816) 756-5458
*dan@brownandcurry.com*
*sarah@brownandcurry.com*

ATTORNEYS FOR PLAINTIFFS

                                                   /s/ *Amanda Pennington Ketchum*
                                                   Amanda Pennington Ketchum