# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JEREMIAH PARKER, and EP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and NP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and ZP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and IP, a Minor, by and through his Next Friend, TIFFANEY WHITT; and MP1, a Minor, by and through his Next Friend; TIFFANEY WHITT; and MP2, a Minor, by and through his Next Friend, TIFFANEY WHITT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-00454-GAF |
| vs. | ) ) | |
| KEARNEY SCHOOL DISTRICT; and DURHAM SCHOOL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |

## **DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S MOTION IN LIMINE**

Defendant Durham School Services, L.P. moves for an Order instructing Plaintiffs and their attorneys:

**No. 1: statements constituting alleged racial harassment made by unidentified students on unknown dates for which there is no exception to the rule against hearsay**

Plaintiffs cannot rely on inadmissible hearsay at trial in an attempt to show racial animus by Durham. Durham believes, based on the pleadings, deposition testimony, and Plaintiffs' response to Durham's Motion for Summary Judgment, Plaintiffs will testify regarding out of court statements used to show the truth of the matter asserted. See Fed. R. Evid. 801 (c). Such statements, allegedly made by unidentified students, on unknown dates, do not meet any recognized exception to the rule against hearsay.

In order to give the Court specific examples of the hearsay Plaintiffs will attempt to offer, Durham requests exclusion of the following statements:[1]

- Unidentified Student(s) asked if they "like watermelon and chicken".
- Unidentified Student(s) asked if it was "okay to say black".
- Unidentified Student(s) said the "n" word.
- Unidentified Student(s) said "this is how black people act".
- Unidentified Student(s) made comments about "hanging black people from trees".

Such statements are hearsay, and under the plain language of Rule 802 should be excluded from trial as inadmissible evidence. *See Lentz v. U.S.*, 2006 WL 2811252 at *2 (W.D. Mo. Sep. 28, 2006) (granting defendant's motion to exclude hearsay evidence as inadmissible due to it being an out of court statement offered to prove the truth of the matter asserted and finding no exception to the hearsay rule applied).

**No. 2: Speculative testimony regarding what Bus Driver Tara Burgess knew or heard or what Durham knew.**

Durham anticipates, based on discovery responses and deposition testimony in this case, Plaintiffs will attempt to testify, insinuate, speculate, or argue that Durham's bus driver heard and was aware of alleged racial harassment and/or bullying towards Plaintiffs on the bus ridden by Plaintiffs during the 2020-2021 school year. Such testimony or evidence should be excluded as it would not be based on personal knowledge.

Witnesses can only testify as to matters of which they have personal knowledge. See, Fed. R. Evid. 602. "No inference of fact or of law is reliably drawn from premises which are uncertain." See *U.S. v. Ross*, 92 U.S. 81, 281, 283-84 (1876). "Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed." *Id*. In this case, counsel "simply cannot be permitted to make allegations and other factual contentions" to

---

[1] This is not an exhaustive list of every inadmissible hearsay statement Plaintiffs may offer, but rather is intended as a frame of reference for the Court.

prejudice the jury against Durham and Durham's driver Tara Burgess, by making insinuations for which there is no evidentiary support. See *O'Brien v. Alexander*, 898 F. Supp. 162, 176 (S.D.N.Y. 1995) overruled on other grounds by 101 F.3d 1479 (2nd Cir. 1996).

In this case, Ms. Burgess has testified that she did not observe or hear racial harassment or bullying of Plaintiffs on her bus during the 2020-2021 school year. **Exhibit 1**, *Burgess*, 59: 10 – 17; 86: 19-22; 98: 3 – 13. Plaintiffs each acknowledged that they did not report racial harassment on the bus to Ms. Burgess or any other employee or representative of Durham. **Exhibit 2**, *J.P.*, 21: 13 – 17; 22: 3-6; **Exhibit 3,** *E.P.*, 11: 4 – 14; **Exhibit 4**, *N.P.*, 18: 18 – 20; **Exhibit 5**, *M.P.1*, 14: 17 – 15: 11; **Exhibit 6**, *I.P.*, 10: 17 -24; **Exhibit 7**, *Z.P.*, 12: 8 – 10; **Exhibit 8**, *M.P.2*, 13: 15 – 17. Plaintiffs' mother acknowledged that she did not speak to Ms. Burgess, or any other representative of Durham, about alleged racial harassment on Plaintiffs' bus. Nevertheless, Plaintiffs and Plaintiffs' mother conclude that Ms. Burgess was aware of and knew about alleged racial harassment of Plaintiffs on the bus on unknown dates, perpetrated by unknown students. Plaintiffs' sole basis for alleging that Ms. Burgess was aware of the alleged racial harassment is that she allegedly looked in the mirror and/or told students to quiet down or sit down. Without Ms. Burgess herself specifically acknowledging at the time that she heard the content of the specific comments allegedly made by students (not just that she heard students being loud or disruptive) or any of the Plaintiffs reporting the comments to Ms. Burgess, any such testimony regarding Ms. Burgess' knowledge is purely speculative and inadmissible and must be excluded pursuant to Rule 602.

Similarly, any testimony, suggestion, or argument that Durham knew about or was aware of racial harassment on its buses must be excluded pursuant to Rule 403 and 602.

**No. 3: Prior instances on other buses/different years**

Durham moves to exclude from admission at trial any evidence proffered by Plaintiffs

related to prior claims or allegations of discrimination allegedly occurring on Durham's buses in previous school years or on buses not ridden by Plaintiffs. Specifically, Durham anticipates that Plaintiffs will seek to introduce into evidence testimony and documents regarding allegations of racial harassment/bullying by students on buses not ridden by Plaintiffs during periods Plaintiffs did not ride Durham's buses. Such evidence is irrelevant and inadmissible to Plaintiffs' claims in this case – whether Plaintiffs were intentionally discriminated against by Durham during the 2020-2021 school year and should be excluded from the trial of this matter. One such example is the bus conduct slips that were produced by Durham in this case, which are forms that Durham bus drivers use to document disciplinary issues that occur on their buses and provide to the District to render any discipline they feel is necessary. The specific conduct slips that we anticipate Plaintiffs may use, and are inadmissible, are as follows:

- Conduct slip dated September 11, 2018, filled out by Tisa Wright, based on a report to Ms. Wright from two parents and a report to the bus driver named D. Wright, that a student used the "n" word on the bus. **Exhibit 9**, DURHAM_0161
- Conduct slip dated January 11, 2019, purportedly filled out by bus driver Laura Williamson, documenting that a student reported another student's use of the "n" word on the bus. Ex. 9, DURHAM_0162; **Exhibit 10**, 90: 3 – 24;
- Conduct slip dated February 1, 2019, which may or may not have been filled out by a bus driver named Costanzo, documenting that a student made unspecified "racial comments" on the bus, **Ex. 9**, DURHAM_0163; **Ex. 10**, 90: 25 – 91:22;
- Conduct slip dated April 1, 2021, perhaps completed by Tisa Wright, indicating that several parents called the Durham office that day to report that their students reported that a student used the "n" word on the bus. **Ex. 9**, DURHAM_0164; **Ex. 10**, 91: 23 – 92:22
- Conduct slip dated April 19, 2021, completed by a bus driver named Jesse, documenting that a student used the "n" word on the bus. **Ex. 9**, DURHAM_0165; **Ex. 10**, 93:7- 20
- Conduct slip dated December 7, 2021, which may have been completed by a bus driver named Cheryl Brooks, documenting a report from one student that another student made an unspecified racist joke **Ex. 9**, DURHAM_0166; **Ex. 10**, 93:7- 20

Not only are these conduct slips rife with hearsay inadmissible under Rule 802 as both the writing on the conduct slips is hearsay and the statements contained within the conduct slips of

4

comments made by students are double hearsay, but these conduct slips are wholly irrelevant to this case. The question in this case is whether Plaintiffs experienced racial harassment or discrimination that interfered with their alleged contractual rights because Durham was aware of the racial harassment or discrimination of Plaintiffs and failed to take action to prevent or correct the behavior. Reports by unnamed students on buses other than the one Plaintiffs rode, reported by bus drivers other than Plaintiffs' bus driver (or in some instances unidentified students or parents), and mostly during years in which Plaintiffs were not students in the Kearney School District, are not probative of any of the issues in this case, and would be far more prejudicial to Durham than probative of any issue in the case. *Walker v. Kane*, 885 F.3d 535, 540 (8th Cir. 2018). (Unfair prejudice' (under Rule 403) means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one). Allowing Plaintiffs to introduce evidence not related to them or their claims, based almost entirely on hearsay statements, would only prejudice Durham by playing to the emotions of the finder of fact.

Furthermore, Plaintiffs have named witnesses from the lawsuit styled *K.W. v. Kearney School District and Durham School Services, L.P.*, Case No. 4:23-00156-CV-W-HFS. These witnesses have no information concerning the facts or circumstances of ***this*** case. Any evidence of other allegedly discriminatory acts or occurrences on buses other than that ridden by Plaintiffs during the 2020-2021 school year must excluded from the trial of this matter because this evidence is not relevant and because its prejudicial value outweighs any probative effects. *See* Fed R. Evid. 403. Additionally, Plaintiff J.P. Parker testified that the plaintiff in that case, K.W., did not experience any racial harassment or discrimination on Durham's buses, so any testimony from him would be irrelevant here.

Additional incidents of alleged discrimination Durham anticipates Plaintiffs may attempt to use include testimony from Durham's bus driver, Ms. Tara Burgess, that she heard from her son, a student in the District, about harassment at the high school involving an African American high school student (not any of the Plaintiffs) that dressed as a girl some days and dressed as a guy some days, and other students gave this student a "hard time" about it. **Ex. 1**, *Burgess*, 50:17-51:14. Ms. Burgess also testified that sometimes students on the bus would stand up and yell "woo-hoo" at the student, and she would tell them to sit down and behave themselves. *Id*. Any testimony about what Ms. Burgess heard about what was happening at the high school or comments students directed at this student are inadmissible hearsay, and any incidents of harassment occurring at the school are irrelevant. Further, this information (which constitutes hearsay within hearsay) is irrelevant to Plaintiffs' claims because even if it were somehow admissible under any exceptions to the rule against hearsay, it does not appear that this incident or incident was racially motivated and therefore not relevant to Plaintiffs' claims. Additionally, there is no allegation that any of the Plaintiffs witnessed or were aware of this alleged harassment, so it bears absolutely no relevance to the issues in this case.

Durham also anticipates Plaintiffs may attempt to use testimony from Ms. Burgess that:

- in 2016 or 2017, a white male student and an African American female got into an altercation on the bus and the white student called the black student the "n" word and the black student smacked the white student, resulting in conduct slips for both;
- in 2014 when she took over this bus from a former bus driver, she was warned by him to watch out for a student whom he believed to be a troublemaker, and who happened to be black. Ms. Burgess did not have any problem with this student, and speculated that the prior driver may have singled out this student because of his race; and
- in 2018, a white student called another white student the "n" word. **Ex. 1**, *Burgess*, 73:20-74:7

These comments not only constitute inadmissible hearsay, but they are irrelevant to any of the issues in this case.

6

To be relevant, evidence must have a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. In order to support a Section 1981 claim, Plaintiffs must prove that they (not others) were intentionally discriminated against **by the defendant** and denied a contractual right because of their race. *See Daniels v. Dillard's*, 373 F. 3d 885, 887 (8th Cir. 2004) (requiring intentional discrimination against the plaintiff); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Section 1981 does not provide a general cause of action for race discrimination if in fact it occurred.").

There is simply no logical connection between evidence that other African Americans allegedly suffered race-based harassment on Durham's buses at the hands of unknown and unnamed students, during years that Plaintiffs did not ride Durham's buses. Evidence of alleged racial bullying on Durham's buses other than the bus ridden by Plaintiffs and during periods Plaintiffs did not ride Durham's buses does not make it more or less likely that Plaintiffs suffered intentional discrimination and were denied a contract. As such, any such evidence should be excluded.

### No. 4. Ms. Burgess' Testimony on a Hypothetical

Durham also seeks to exclude testimony from Ms. Burgess that asked her to speculate what she would do if she observed a student on her bus wearing a Confederate flag on their shirt, to which Ms. Burgess responded she would "leave it up to the school" and not call a student out in front of their peers. **Ex. 1**, *Burgess*, 87:10-15. In addition to being speculative, Plaintiffs seek to somehow imply or infer that Ms. Burgess had the authority to police the attire of students on her bus, and/or that she is okay with or approves of the Confederate flag. Any such implication is irrelevant, prejudicial, and improper.

**No. 5: Instances of alleged racial harassment towards Plaintiffs at the District or in the community**

Testimony or evidence related to alleged racial harassment or bullying experienced by Plaintiffs at school or in the community must be excluded. Specifically:

- Any testimony or evidence regarding any race discrimination that allegedly occurred outside of Durham's buses, including any allegations that were made against the District. Specifically, this would exclude ¶ 17, 19, 20 and subparagraphs (a) – (c), 21-27, 29, 32-35, 37, 43, 46, 51-62, 63-65, 71, 72-86 of Plaintiffs' First Amended Complaint, as well as testimony that Plaintiffs were harassed at their home when maggots were placed in their mailbox, testimony that Plaintiff J.P. Parker was racially harassed at his place of work, and testimony that Plaintiff J.P. Parker was racially harassed in the parking lot at school.

Durham believes Plaintiffs will attempt to impute blame and/or liability of the District (with whom Plaintiffs have settled their claims) or the alleged racist behavior of unidentified individuals in the community onto Durham. Plaintiffs should not be permitted to taint this case with irrelevant and highly prejudicial anecdotes involving other entities than Durham, and which have no probative effect on the question at issue: whether the Plaintiffs' Section 1981 contractual rights were impaired during a small portion of the 2020-2021 school year during which they rode Durham's buses.

**No. 6: Medical Testimony of Plaintiffs**

Durham moves to exclude from trial any evidence or argument proffered by Plaintiffs related to their claims of emotional suffering or medical conditions allegedly caused or contributed to be caused by alleged racial harassment on Durham's buses. It is well established that "in the absence of [substantial] justification the district court may validly exclude, as a discovery sanction, evidence not produced in discovery." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003): *see also United States v.* Davis, 244 F.3d 666, 671 (8th Cir. 2001) (upholding the district court's sanction of excluding evidence for a discovery violation). Such a sanction is warranted here where Durham requested the medical/counseling records of Plaintiffs, along with requests to sign

medical release forms. **Exhibit 11**, *Plaintiffs' Responses to RFP, Nos. 3 -5*. Plaintiffs refused to produce either the records or to sign the medical releases even after Plaintiff J.P. Parker testified that he sought counseling related to the alleged racial harassment. In response to Durham's request Nos. 3, 4, and 5 for medical records and doctor's reports related to medical conditions at the time of the incidents alleged in Plaintiffs' Complaint; medical bills incurred as the result of the allegations in Plaintiffs' Complaint; or medical conditions treated as the result of the allegations in Plaintiffs' Complaint, Plaintiffs responded that "J.P. Parker sought counseling relating to his mental health due to the incidents in Plaintiffs' Complaint. Plaintiffs will supplement." **Ex. 11**, *Plaintiffs' Responses to RFP, Nos. 3 -5*. Plaintiffs have not provided the requested information.

In response to Durham's request that Plaintiff J.P. Parker provide an authorization for Durham to obtain the referenced records, Plaintiff Parker stated "…J.P. Parker has not placed his physical health at issue in this case." *Id*. As a result, Plaintiff J.P. Parker should not be allowed to offer any testimony at trial regarding his emotional damages, distress or other alleged medical ailments that he claims were caused by Durham's alleged actions since he withheld all documents regarding these claims throughout the discovery process (despite repeated requests for them). Because Plaintiff J.P. Parker not only refused to provide the relevant documents requested in discovery, but he also agreed to supplement and failed to do so, Plaintiff J.P. Parker cannot be allowed to use this evidence at trial. As this Honorable Court ordered under similar circumstances in *Rodney Green and Charlan Green v. Dillard's, Inc*, Case. No. 04-0691-CV-W-GAF, it should preclude any evidence or testimony supporting Plaintiff J.P. Parker's claim of emotional distress.

It would be patently unfair If Plaintiffs were able to testify regarding any medical causes of either emotional or physical distress that they allegedly suffered because of Durham's alleged conduct without having first produced a medical release or documents pertaining to their medical

treatment. See *Northlake Mktg. & Supply v. Glaverbel, S.A*., No. 92 C 2732, 1996 U.S. Dist. LEXIS 19306, *4-5, 11 (N.D. Ill. Dec. 17, 1996) (excluding evidence from trial that was requested in discovery but not produced).

In fact, Plaintiff J.P. Parker's failure to provide the requested medical records or releases, should prevent him from making any references, argument or submitting any evidence as to his mental or emotional distress he alleges resulted from the incident(s) alleged in the Complaint.

As for the remaining Plaintiffs, they responded in discovery that they are not claiming damages for emotional distress beyond garden variety emotional distress. **Ex. 11**, *Plaintiffs' Responses to RFP, Nos. 3 -5*. As such, they should be precluded from presenting any evidence regarding any specific medical conditions beyond garden variety emotional distress. Garden variety emotional distress is defined as "emotional distress of a generic kind – that is, the kind of distress or humiliation that an ordinary person would feel in such circumstances." *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 568 (Mo. Banc 2006). Therefore, the remaining Plaintiffs should be prohibited from testifying that they sought treatment for emotional distress or that they have any particular condition or were prescribed medication for any particular condition when only claiming garden variety emotional distress. *Id*.; *See also Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 876-77 (Mo. App. E.D. 2009). This would include any testimony about, for example, panic attacks, anxiety, or depression, which are not within the common experience of jurors, and would thus require testimony from an expert witness. *See State ex rel. Dean v. Cunningham*, 182 S.W.3d at 568.

**No. 6: Punitive Damages**

42 U.S.C. § 1981 provides that: "A complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent

engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." The standard to prove reckless indifference "requires evidence that the defendant acted in the face of a perceived risk that his or her actions would violate federal law." *Swipies v. Kofka*, 419 F.3d 709, 718 (8th Cir. 2005); see also *Kolstad v. ADA*, 527 U.S. 526, 536 (1999). Plaintiffs simply cannot meet this standard because the record, even viewed in the light most favorable to Plaintiffs, does not provide evidence that Durham "acted in the face of a perceived risk that [their] actions would violate federal law." Quite the opposite, the Plaintiffs have utterly failed to demonstrate that Durham acted with reckless indifference to their federal rights. Even viewing all of the evidence in the light most favorable to Plaintiffs, they cannot establish any entitlement to punitive damages.

"The Supreme Court has directed that, for the issue of punitive damages to reach the jury in a section 1981 case, the plaintiff must come forward with substantial evidence that the employer acted with actual malice or reckless indifference to his federally protected rights." *Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1280 (11th Cir. 2002) (emphasis added) (citing *Kolstad v. Am. Dental Ass'n.*, 527 U.S. 526, 536-37 (1999)). "Malice or reckless indifference is established by a showing that the employer discriminated in the face of the knowledge that its actions would violate federal law." *Id*. Punitive damages "may only be considered in cases where the discriminating employee was high[] up the corporate hierarchy or where higher management countenanced or approved [his] behavior." *Id*. (internal quotations omitted).

The uncontroverted evidence establishes that no employee or representative of Durham engaged in any discriminatory conduct towards any Plaintiffs. Plaintiffs' only allegations are that unnamed students made harassing comments towards them on unknown dates, and that Durham's driver failed to prevent the same. Yet the uncontroverted evidence establishes that Durham and its

11

drivers, whose premier concern is the safe transportation of students and operation of school buses, has a policy of recording and reporting bullying or harassment of any kind – including racial harassment – to the District for handling. Durham drivers do not have the authority to discipline or remove students from its buses. The record is devoid of evidence, much less substantial evidence, that Durham or any of its employees or representatives acted with malice or reckless indifference. Rather, the record reveals that Durham's driver never received any report of racial harassment against Plaintiffs, and if she had, she would have acted in accordance with Durham's policy and reported the same to the District for handling action. This does not demonstrate any malice or reckless indifference, and under this record, arguments regarding punitive damages would be improper, prejudicial, and should therefore be excluded. *See Parsons v. First Investors Corp.*, 122 F.3d 525, 529 (8th Cir. 1997) (bifurcating trial into separate phases of liability and punitive damages avoids the risk that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages).

### No. 7: Plaintiffs' Settlement with the Kearny School District.

Durham seeks to exclude any reference to the settlement of Plaintiffs' claims with the Kearney School District. As referenced above, Plaintiffs' Complaint is riddled with allegations of conduct that allegedly occurred at the Kearney School District – not on Durham's buses. Plaintiffs settled their claims against the District. Any reference to the to the alleged harassment at the District can only serve to inflame a jury's emotions and is not relevant to the claims at issue here – whether Plaintiffs' rights under the contract between Durham and the District were impaired by the intentional discrimination of Durham. Were the jury to learn that the District settled with Plaintiffs, it would likely impute the knowledge and liability of the District onto Durham. The District's settlement with Plaintiffs is irrelevant to Plaintiffs' claims against Durham, and any

reference to the settlement would be highly prejudicial, and improper. See *Perez v. Viens*, No. 4:09CV3206, 2011 U.S. Dist. LEXIS 63347, at *13 (D. Neb. June 14, 2011) (excluding settlement agreement between defendants and passenger in plaintiff's vehicle under Rule 408 and due to the fact that "the terms of the settlement agreement are simply not relevant and if admitted would be unduly prejudicial to Defendants.").

Respectfully submitted,

DYSART TAYLOR McMONIGLE
BRUMITT & WILCOX, P.C.

 /s/ *Amanda Pennington Ketchum*

| | |
|---|---|
| Amanda Pennington Ketchum | MO #51011 |
| Kathryn T. Alsobrook | MO #66451 |
| Lauren H. Beck | MO #72724 |

700 West 47th Street, Suite 410
Kansas City, Missouri 64112
Telephone: (816) 931-2700
Facsimile: (816) 931-7377
*aketchum@dysarttaylor.com*
*kalsobrook@dysarttaylor.com*
*lbeck@dysarttaylor.com*

ATTORNEYS FOR DEFENDANT
DURHAM SCHOOL SERVICES, L.P.

CERTIFICATE OF SERVICE

   I hereby certify that on December 4, 2023, a true copy of the foregoing document was filed via the Court's electronic filing system, which will transmit notice of said filing via electronic mail to the counsel of record as follows:

Dan Curry
Sarah A. Brown
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO  64102
(816) 756-5458
*dan@brownandcurry.com*
*sarah@brownandcurry.com*

ATTORNEYS FOR PLAINTIFFS

               /s/ *Amanda Pennington Ketchum*
               Amanda Pennington Ketchum