# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3727
_____

Jeremiah Parker; E.P., a minor, by and through his next friend, Tiffaney Whitt; Z.P., a minor, by and through his next friend, Tiffaney Whitt; I.P., a minor, by and through his next friend, Tiffaney Whitt; M.P. 1, a minor, by and through his next friend, Tiffaney Whitt; M.P. 2, a minor, by and through his next friend, Tiffaney Whitt; Tiffaney Whitt; N.P., a minor, by and through his next friend, Tiffaney Whitt

*Plaintiffs - Appellees*

v.

Kearney School District

*Defendant*

Durham School Services, L.P.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2024
Filed: March 7, 2025

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Plaintiffs Tiffaney Whitt, on behalf of her minor children, and Jeremiah Parker, Whitt's adult son, filed this action against Kearney School District (Kearney) and Durham School Services, L.P., (Durham) stemming from racial harassment that Parker and his siblings experienced on a school bus servicing Kearney and operated by Durham. As relevant to this appeal, Plaintiffs alleged a 42 U.S.C. § 1981 claim against Durham. After the district court[1] rejected Durham's motion to dismiss and motion for summary judgment challenging the cognizability of Plaintiffs' claim, Durham filed a motion to compel arbitration. The district court denied the motion, concluding that Durham waived its right to enforce the arbitration clause by not raising it earlier in the litigation. Durham appeals the denial of the motion to compel, and, having jurisdiction under 9 U.S.C. § 16, we affirm the judgment of the district court.

I.

Plaintiffs initiated this action in 2022, alleging that Parker and his siblings were subjected to continuous racial harassment both at school and while riding the Durham-operated school buses and that complaints to Kearney about the conduct went unaddressed. Plaintiffs asserted Title VI and 42 U.S.C. §§ 1981 and 1983 claims against Kearney[2] and a § 1981 claim against Durham. Plaintiffs' § 1981 claim against Durham stemmed from the contractual agreement between Kearney and Durham, with Plaintiffs alleging that they were third-party beneficiaries to the contract, and, as intended third-party beneficiaries, they had the right to enforce the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Plaintiffs ultimately reached a settlement with Kearney and stipulated to dismissal of these claims with prejudice. Plaintiffs' claims against Kearney thus form no part of this appeal.

-2-

Case 4:22-cv-00454-GAF    Document 140-1    Filed 03/07/25    Page 2 of 8
Appellate Case: 23-3727    Page: 2    Date Filed: 03/07/2025 Entry ID: 5493184

contract between Durham and Kearney requiring Durham to provide safe transportation to school free from racial harassment.

Durham filed a motion to dismiss, asserting, in part, that Plaintiffs could not state a § 1981 claim because they had no rights under the contract between Durham and Kearney. The district court noted that "[t]he Eighth Circuit ha[s] not directly addressed the open question of whether third-party beneficiaries are entitled to bring § 1981 claims," ultimately concluding that dismissal on this ground was inappropriate because, at this stage in the litigation, without being able to review the contract and with no discovery having occurred, it could not conclude that Plaintiffs could not state a § 1981 claim. The case proceeded through discovery, and Durham filed a motion for summary judgment, arguing that the contract between Durham and Kearney did not express any intent to confer benefits upon students or parents meaning that, at best, Plaintiffs were incidental beneficiaries to the contract. The district court rejected this argument, concluding that the terms of the contract evidenced the intent to make Plaintiffs intended beneficiaries. Further, while it was not a ground that Durham raised in its summary judgment motion, the district court stated that it "believe[d] it likely that the Eighth Circuit would hold that third-party intended beneficiaries of a contract have § 1981 rights" and concluded that even if Durham were to make this argument it would be unsuccessful. As intended beneficiaries, the district court concluded that Plaintiffs were entitled to pursue their § 1981 claim against Durham.

After the district court issued its summary judgment order, and 15 days before the scheduled pretrial conference, Durham filed a motion to compel arbitration, asserting that Plaintiffs' § 1981 claim was subject to the arbitration provision contained in the contract between Durham and Kearney. The contract's arbitration provision provides:

> The parties agree to meet and confer in good faith on all matters and disputes under this Agreement. If a dispute is not resolved under the foregoing, and one party informs the other in writing that it reasonably believes that the differences between the parties are not likely to be

-3-

Case 4:22-cv-00454-GAF   Document 140-1   Filed 03/07/25   Page 3 of 8
Appellate Case: 23-3727   Page: 3   Date Filed: 03/07/2025 Entry ID: 5493184

> reconciled through further negotiation, then the parties agree to submit such dispute to binding arbitration under the Commercial Rules of the American Arbitration Association. Such arbitration will be held as promptly as possible in Clay County, Missouri and will be conducted before a panel of three (3) members. The DISTRICT and the CONTRACTOR shall each select one arbitrator, and the third arbitrator shall be selected by agreement of the other two arbitrators so chosen. The decision of a majority of the arbitration panel will be binding on the parties and may be submitted for enforcement to any court of competent jurisdiction. All costs and expenses associated with the arbitration shall be borne entirely by the non-prevailing party.

Durham argued that, although the Plaintiffs were not signatories to the contract, they were still bound by the arbitration clause as intended beneficiaries. Plaintiffs resisted the motion to compel arbitration, arguing that Durham waived its right to seek arbitration "by filing its motion on the eve of trial" and that otherwise there was no enforceable arbitration agreement between Durham and Plaintiffs.

The district court denied the motion to compel arbitration, agreeing with Plaintiffs that Durham waived any right to arbitration. The district court stated that, in considering whether a party has waived its right to arbitration, the court considers whether the party knew of its right to arbitrate, acted inconsistently with that right, and the party's conduct prejudiced plaintiffs. The district court then concluded that all three elements were present, stating:

> Durham, as a signatory party to the Agreement, knew of the arbitration clause. And, as recounted above, Durham has substantially invoked the litigation machinery in this case without moving to compel arbitration until 15 days before the pretrial conference. Durham has litigated and continues to litigate Plaintiffs' standing to bring[] their claim against it without even mentioning the arbitration clause until November 29, 2023. Durham has also engaged in extensive discovery, including deposing all Plaintiffs and raising discovery disputes requiring the Court's intervention. At this stage in the litigation, Durham's Motion to Compel Arbitration prejudices Plaintiffs.

-4-

Durham thereafter filed this interlocutory appeal challenging the district court's dismissal of its motion to compel.

II.

Durham asserts that the district court erred in denying its motion to compel arbitration because it did so based on the erroneous conclusion that Durham waived its right to arbitration. Specifically, Durham argues that the district court improperly considered the prejudice to Plaintiffs in concluding that Durham waived arbitration; that Durham sought arbitration at the earliest possible point—when it first learned that the arbitration provision applied to Plaintiffs' claim through the district court's summary judgment order; and that Durham's conduct during litigation was not inconsistent with the right to arbitration because it was required to engage in discovery and file dispositive motions regarding the third-party beneficiary issue to determine whether the arbitration clause applied to Plaintiffs' claim. In response, Plaintiffs contend that Durham's appeal is frivolous and urge this Court to adopt a process allowing a district court to certify that an interlocutory appeal of an order denying arbitration is frivolous. Plaintiffs also ask the Court to award damages or costs pursuant to Fed. R. App. P. 38 because Durham's appeal is frivolous.

"We review de novo the district court's conclusion that a party has waived arbitration and examine the factual findings underlying that ruling for clear error. Because of the strong federal policy in favor of arbitration, 'any doubts concerning waiver of arbitrability should be resolved in favor of arbitration.'" Messina v. N. Cent. Distrib., Inc., 821 F.3d 1047, 1050 (8th Cir. 2016) (citations omitted). This Court has often recited the factors in determining whether a party waived its right to arbitrate as the party "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." See Lewallen v. Green Tree Servicing, LLC, 487 F.3d 1085, 1090 (8th Cir. 2007). However, in 2022, the United States Supreme Court issued Morgan v. Sundance, Inc., which expressly rejected this Court's use of the prejudice element. 596 U.S. 411, 417 (2022) ("[T]he Eighth Circuit was wrong to condition a waiver of

-5-

Case 4:22-cv-00454-GAF   Document 140-1   Filed 03/07/25   Page 5 of 8
Appellate Case: 23-3727   Page: 5   Date Filed: 03/07/2025 Entry ID: 5493184

the right to arbitrate on a showing of prejudice."). In light of Morgan, "our pre-Morgan three-part test now has two parts, but otherwise remains the same. To evaluate whether a party has 'intentional[ly] relinquish[ed] or abandon[ed]' the right to arbitration, courts must determine whether it (1) knew of its 'existing right' and (2) acted 'inconsistently with' it." In re Pawn Am. Consumer Data Breach Litig., 108 F.4th 610, 614 (8th Cir. 2024) (alterations in original) (citations omitted). While the district court erroneously considered the element of prejudice, this is not reversible error so long as the other two elements support the district court's conclusion that Durham waived its right to arbitrate. See 28 U.S.C. § 2111 ("On the hearing of any appeal . . . the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); Fed. R. Civ. P. 61 (same).

Turning to the first element, we conclude that the district court properly determined that Durham knew of its right to arbitrate. We have previously found that a party "knew of its existing right to arbitration because it possessed the arbitration agreement," and we see no reason to depart from that rule here. See Messina, 821 F.3d at 1050. There is no dispute that Durham was in possession of the contract between it and Kearney, and it thus would have known about its right to arbitrate. We are not persuaded by Durham's contention that it did not know of its right to arbitrate until after the district court's ruling on the motion for summary judgment because it was not until this point that Durham knew for certain that the arbitration clause would apply to Plaintiffs. In Hooper v. Advance America Cash Advance Centers of Missouri, Inc., we rejected a similar argument from a party that it could only know whether certain claims were arbitrable after the district court ruled on a motion to dismiss, stating:

> With some force, Advance America maintains it could not have known for certain Counts II through VII were arbitrable until the district court dismissed Count I. The problem with Advance America's argument is that its motion to dismiss sought more than clarification. Advance America did not, for example, file a motion to dismiss Count I for lack of jurisdiction and simultaneously move to compel arbitration on

> Counts II through VII pending the district court's ruling. Instead, Advance America sought a decision on the merits on Counts II through VII, an immediate and total victory in the parties' dispute. The district court correctly inferred . . . that instead of merely seeking clarification, Advance America "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." Advance America "wanted to play heads I win, tails you lose," which "is the worst possible reason" for failing to move for arbitration sooner than it did.

589 F.3d 917, 922 (8th Cir. 2009) (citations omitted) abrogation on other grounds recognized by In re Pawn Am., 108 F.4th at 613. Although in Hooper we provided this analysis in the context of the second element of the waiver analysis, we conclude that the reasoning applies with full force here. Durham sought a decision on the merits of the cognizability of Plaintiffs § 1981 claim without doing anything to preserve its right to arbitrate should the district court conclude that the Plaintiffs could pursue their claim. Like Hooper, Durham did not simultaneously move to compel arbitration and move to dismiss or for summary judgment, and we are left with the conclusion that Durham merely "wanted to see how the case was going in federal court before deciding whether it would be better off there or in arbitration." See id. (citation omitted).

As to the second element, we similarly conclude that the district court properly determined that Durham acted inconsistently with its right to arbitrate. "A party acts inconsistently with its right to arbitrate if the party '[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right.'" Lewallen, 487 F.3d at 1090 (alterations in original) (citation omitted). Invoking the machinery of litigation involves, "for example, . . . fil[ing] a lawsuit on arbitrable claims, engag[ing] in extensive discovery, or fail[ing] to move to compel arbitration and stay litigation in a timely manner." Id. Here, there is no dispute that Durham engaged in the litigation machinery, proceeding through extensive discovery and summary judgment before filing its motion to compel arbitration. Durham asserts that it sought to compel arbitration at the earliest possible opportunity—when the district court affirmatively ruled that the Plaintiffs were intended third-party beneficiaries under the contract.

-7-

Case 4:22-cv-00454-GAF   Document 140-1   Filed 03/07/25   Page 7 of 8
Appellate Case: 23-3727   Page: 7   Date Filed: 03/07/2025 Entry ID: 5493184

However, as discussed in Hooper, nothing precluded Durham from filing its motions to dismiss and summary judgment simultaneously, but it chose not to do so. Because Durham could have preserved its right to arbitration while at the same time seeking a determinative ruling on the cognizability of Plaintiffs' claim and did not do so while engaging in extensive discovery and motions practice, we conclude that the district court properly determined that Durham acted inconsistently with its right to arbitrate. The district court thus did not err in denying Durham's motion to compel arbitration.

Finally, Plaintiffs have asked us to adopt a process which would allow a district court to certify an interlocutory appeal of a denial of a motion to compel arbitration as frivolous, but we decline to do so here, where the facts do not demonstrate that Durham has pursued a frivolous appeal. Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 806 (8th Cir. 2006) (defining an appeal as frivolous "when the result is obvious or when the appellant's argument is wholly without merit"). While Durham does not prevail on its claim that it did not waive its right to arbitrate, we find a good-faith basis for Durham to have argued that the question of cognizability of a § 1981 claim from a third-party beneficiary precluded it from invoking its right to arbitrate at an earlier point in litigation. Further, we likewise reject Plaintiffs' requests for awards or costs under Fed. R. App. P. 38. In addition to determining that the appeal is not frivolous, we also note that Plaintiffs have not "separately filed [a] motion or notice" as required by the Rule. See Fed. R. App. P. 38.

### III.

For the foregoing reasons, we affirm the judgment of the district court. We also deny Durham's motions to take judicial notice of a companion case in the Western District of Missouri.

_____

-8-

Case 4:22-cv-00454-GAF   Document 140-1   Filed 03/07/25   Page 8 of 8
Appellate Case: 23-3727   Page: 8   Date Filed: 03/07/2025 Entry ID: 5493184