IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JEREMIAH PARKER, et al.,            )
                                     )
    Plaintiffs,                      )    **Case No. 4:22-cv-454**
                                     )
v.                                   )
                                     )
KEARNEY SCHOOL DISTRICT, et al.,     )
                                     )
    Defendants.                      )

## MOTION FOR APPOINTMENT OF NEXT FRIEND

COMES NOW Plaintiffs John Doe IP, MP1 and MP2, by and through their mother and putative Next Friend, Tiffaney Whitt, and their attorneys, and respectfully make request to this Court to formally appoint Tiffaney Whitt to serve as Next Friend to Plaintiffs John Doe IP, MP1 and MP2. In support of this motion, Plaintiffs state as follows:

1. Rule 17(c)(2) provides that a minor child may sue by a next friend.

2. "The text of Rule 17(c) does not require a formal motion for appointment as next friend." *Woods v. Wills*, 400 F.Supp.2d 1145, 1182 (E.D. Mo. 2005).

3. Federal Rule 17, not state law, controls the issue of how a Next Friend is appointed. *Id. See also Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Company*, 559 U.S. 393, 398-99 (2010)(federal courts should not apply a state court rule if a Federal Rule of Civil Procedure "answer[s] the same question" as the state rule.)

4. "Next friends" may appear on behalf as minors; they are not parties and they are not appointed guardians. *Whitmore v. Arkansas*, 495 U.S.149 162, n. 4 (1990).

5. While Rule 17(c)(2) governs the appointment of a next friend, whether an individual has capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(c).

6. John Doe IP, MP1 and MP2 are each under the age of 18 and therefore unable to prosecute an action on their own under Missouri law. *See Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 788 (Mo.App. 1994).

7. Although Rule 17(c)(2) controls, Section 507.110 RSMo also provides that a minor may prosecute a lawsuit by a duly appointed next friend, and Missouri Supreme Court Rule 52.02 also provides that a next friend may be appointed to prosecute on behalf of a minor.

8. A next friend must be truly dedicated to the best interest of the person on whose behalf she seeks to litigate, and should have some significant relationship with the real party in interest. *C.R. v. Missouri Dept. of Social Services*, Case No. 2:21-cv-04129-MDH (W.D. Mo. September 21, 2021)(citing *Carson P. ex rel. Foreman v. Heineman*, 240F.R.D. 456, 516 (D. Neb. 2007)).

9. A parent-child relationship easily satisfies the close relationship requirement for next friend standing. *Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017).

10. Ms. Whitt is the natural mother of these minor plaintiffs; she has participated in this litigation from its onset; she has the best interests of her sons in mind; and she has affirmed her willingness to serve as their Next Friend in this matter. *See Exhibit A, Consent and Declaration of Ms. Whitt.*

11. The father of the minor plaintiffs has also consented to Ms. Whitt to serve as his children's next friend. *See Exhibit B, Consent of Father.*

12. The minor plaintiffs also consent to their mother, Ms. Whitt, to serve as their Next Friend. See *Exhibit C, Consent of Minor Plaintiffs.*

13. Ms. Whitt has expressed approval of a proposed settlement with Defendant Durham that would place all each minor plaintiff's portion of his settlement in a structured settlement to be managed by the New York Life Insurance Company that will begin making distributions to the minor Plaintiff after he turns 18-years-old.

14. Defendant has no objection to this motion.

WHEREFORE, Plaintiffs John Doe IP, MP1 and MP2 respectfully ask that their mother, Tiffaney Whitt, be formally appointed Next Friend in this matter.

Respectfully Submitted,

/s/ Dan Curry
Dan Curry, MO#58264
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
(816) 756-5458
(816) 666-9596 (FAX)
dan@brownandcurry.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, the foregoing document was served by the Court's electronic filing system upon the following parties of record:


/s/ Dan Curry
Attorney for Plaintiff