IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEREMIAH PARKER, et al., | ) |
| Plaintiffs, | ) Case No. 4:22-cv-454 |
| v. | ) |
| KEARNEY SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

## MOTION FOR APPROVAL OF MINOR SETTLEMENTS

COMES NOW Plaintiffs John Doe IP, MP1 and MP2, by and through their Mother and Next Friend, Tiffaney Whitt, and their attorneys, and respectfully make request to this Court for approval of the Releases of Claims of Durham School Services, L.P., (all here and after referred to as "Durham"), which, if approved, would fully and completely compromise and settle any and all of these minor Plaintiffs' claims against Durham arising out of and/or relating to any injuries or damages sustained by these minor Plaintiffs as a result of alleged harassment on Durham's buses in 2020 and 2021. Plaintiffs John Doe IP, MP1 and MP2, by and through their mother and Next Friend, requests approval of the settlements on the following grounds:

1. Plaintiff IP, MP1 and MP2 are each currently under the age of 18.

2. This case was originally filed in the United States District Court for the Western District of Missouri on July 19, 2022. On that date, Tiffaney Whitt, the natural mother of the above-named minor plaintiffs, participated in the case as their Next Friend.

3. It is alleged that while riding Defendant Durham's buses, these Plaintiffs suffered racial harassment that deprived them use of the buses and whereby caused them damages.

4. These minor plaintiffs, by and through their mother and Next Friend, and their attorneys, have fully investigated the facts and circumstances with reference to the incident, the financial responsibility of Durham, and the alleged injuries and damages sustained by these minor plaintiffs as a result of the incident, and have concluded it is and will be in the best interest of these minor Plaintiffs to waive the right to a jury trial and to fully settle all claims against Durham. *See* Exhibit A (Declaration of Next Friend).

5. Multiple mediations occurred in which the Next Friend, the minor Plaintiffs, Durham and their attorneys participated. Durham denies and continues to deny any liability arising out of the above-mentioned incident.

6. The minor Plaintiffs have no outstanding medical bills or any need for future medical treatment arising out of the above-mentioned incident.

7. Taking into consideration the nature of each minor Plaintiff's claimed injuries and damages, the disputed liability in the matter, the expense, delay and uncertainty of this litigation, each minor Plaintiff, by and through his Next Friend, believes it would be in the best interest of and advantageous to the minor Plaintiff to accept this offer of compromise and settlement and they are desirous of accepting said offer of compromise and settlement. Ex. A.

8. Durham has offered and Plaintiff, by and through his Guardian and Next Friend, has accepted in principle a settlement consisting of Durham funding a structured settlement through the New York Life Insurance company for each minor Plaintiff with an amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ($▓▓▓▓▓▓) and paying the minor Plaintiffs' lawyers, Brown, Curry & Duggan, LLC, an amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (▓▓▓▓▓▓) for attorneys' fees and expenses for each minor Plaintiff. The total settlement amount paid on behalf of each minor

plaintiff would be ████████████ ($██████).

9. In exchange for said consideration, each minor Plaintiff, by and through his Next Friend, has agreed to execute the Release of Claims fully discharging Durham of and from any and all liability, actions, claims, demands or receipts whatsoever which each minor Plaintiff now has or may hereafter have on account of, or arising out of, personal injuries or damages to person or property occurring as a result of using Durham's buses in 2020 and 2021, and to furthermore keep the terms of that agreement confidential.

10. These minor Plaintiffs, by and through their Next Friend, retained Brown, Curry & Duggan, LLC law firm to represent them in pursuing their claims against Durham and in so doing executed a contract providing for a 40-percent fee of the total recovery and reimbursement of costs and expenses incurred by the firm to be paid from any recovery. The Next Friend agrees that the funds paid to Brown, Curry & Duggan, LLC, on behalf of the minor Plaintiffs is fair and reasonable. The case was heavily contested, and the minor Plaintiffs' counsel prevailed on both a summary judgment motion and an appeal to the Eighth Circuit Court of Appeals.

11. These minor Plaintiffs, by and through their Next Friend, agree to fully and completely satisfy any and all liens that have been asserted, including, but not limited to, any medical liens, attorney liens or outstanding bills or balances arising out of the above-described incident with the total proceeds of this settlement.

12. Taking into consideration the nature of each minor Plaintiff's claimed injuries and damages, the disputed liability in the matter, the expense, delay and uncertainty of this litigation, these minor Plaintiffs, by and through his Guardian and Next Friend, state and

represent that the proposed settlement compromises with Durham are fair and reasonable and in the best interests of each minor Plaintiff and should be approved by this Court, and they seek this Court's approval of this settlement and an Order apportioning the settlement proceeds.

13. In addition to the Court's approval of the settlement and proposed Release of Claims, these minor Plaintiffs, by and through their Next Friend, further requests the Court approve waiver of the Plaintiffs' right to a trial by jury of Plaintiffs' claims against Durum and submission of all issues raised by the proposed Release of Claims to the Court for determination.

14. Tiffaney Whitt, the mother of these minor Plaintiffs, has appeared throughout this litigation as their Next Friend. Because this is a federal proceeding, Missouri rules do not control the appointment of a next friend, and a formal motion to serve as Next Friend is not required under Rule 17(c). *Woods v. Wills*, 400 F.Supp.2d 1145, 1182 (E.D. Mo. 2005). Plaintiffs, however, have moved separately for formal appointment of Tiffaney Whitt as their Next Friend, which the Court has since granted. *See* ECF Doc. 149.

15. As Next Friend, and under the proposed settlement, Ms. Whitt would receive no portion of the Minor's settlement, the entirety due to the minors being in a structured settlement to be managed by the New York Life Insurance company, with payments due to the minor plaintiff starting when they reach the age of 18-years-old.

16. Defendant has no objection to this motion.

**WHEREFORE**, Plaintiff IP, MP1 and MP2, by and through his Next Friend, each requests this Court enter its Order finding, adjudging and decreeing:

1. Tiffaney Whitt is the Natural Mother and duly appointed Next Friend of Plaintiff each minor Plaintiff.

2. All issues raised by the settlement and proposed Release of Claims have been submitted to the Court for determination and these minor Plaintiffs, by and through his mother and Next Friend, knowingly waives his rights to a trial by jury against Durham;

3. The total settlement amount paid on behalf of each minor plaintiff would be ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ($▓▓▓▓▓▓▓) per minor Plaintiff, to be apportioned as set forth herein, be approved as being fair and reasonable and in the best interest of each minor Plaintiff;

4. That the contract with Brown & Curry, LLC, providing for a total attorney fee of 40% of the recovery, or an amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ($▓▓▓▓▓▓▓ for attorneys' fees and expenses for each minor Plaintiff is reasonable and said amounts shall be paid from the total recovery;

5. That, each minor Plaintiff, by and through his Next Friend, is authorized and directed to execute all documents and pleadings necessary to resolve this case, including but not limited to, the Release of Claims, the Receipt of Settlement Proceeds and Satisfaction of Order and Judgment Approving Minor Settlement;

6. That the Court apportion the settlement proceeds wherein the New York Life Insurance company shall receive for each minor Plaintiff an amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Cents ($▓▓▓▓▓▓▓).

7. That the Court order that the posting of a bond and appointment of a conservator for these minor Plaintiffs are not required, given that the Next Friend will receive no funds and all proceeds the due the minor plaintiffs will be held and invested in a third-party structured settlement that will begin to pay funds to these minor plaintiffs after they reach the age of 18 years.

8. That all parties are to bear their own costs and expenses.

Respectfully Submitted,


/s/ Dan Curry
Dan Curry, MO#58264
Brown & Curry, LLC
1600 Genessee Street, Suite 956
Kansas City, MO 64102
(816) 756-5458
(816) 666-9596 (FAX)
dan@brownandcurry.com
sarah@brownandcurry.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that this document was filed with the Court's electronic filing system, providing service to the parties on July 28, 2025.

/s/ Dan Curry
Attorney for Plaintiffs
